STEINBERG, Judge,
concurring:
I join in the Court’s opinion and write separately only because I believe that our dissenting colleagues mischaracterize the majority’s action today as holding that the Board of Veterans’ Appeals (Board) “fail[ed] to state adequate reasons or bases for its decision.” Dissent (Holdaway, J.), infra at 251. We have not done so.
Although I believe that the majority opinion effectively rebuts those dissenting contentions, it bears repeating that the Court today does not hold that the Board decision on appeal contained a statement of reasons or bases that was inadequate under 38 U.S.C. § 7104(d)(1). Rather, the Court holds “that the Secretary has not met his burden of proving that the position of the United States at the administrative level was substantially justified.” Ante at 244.
Judge Holdaway asserts that “[a]ny opinion of the Court regarding the validity of [the appellant’s] allegations of error is completely advisory and premature”. Infra at 251. In that connection, he is correct that “[t]he Court has not been briefed on these issues” — at least not by the Secretary. Ibid. The appellant has provided briefing. However, the reason that we have not been fully briefed is because the Secretary failed to respond to the appellant’s assertions, even after the Secretary conceded at oral argument that he was aware of them and after he had been given “ample opportunity” to address them. Ante at 241. Because “the Secretary has the burden of proving that [the Department of Veterans Affairs] was substantially justified in its position”, the Court today holds that when the Secretary “offer[s] this Court neither argument nor evidence” that his position was substantially justified after the appellant alleges that it was not, that default alone can provide a basis for *251 the Court to grant an application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Ante at 243.